# CIRCUIT COURT OF BALTIMORE CITY.

Filed April 26, 1913.

SAVINGS BANK OF BALTIMORE
VS.
PETER J. CAMPBELL AND WM. M. COSH, ET AL.

*George R. Willis* for plaintiff.

*J. Cookman Boyd* for P. J. Campbell, et al., administrators.

*Jno. H. Richardson and Geo. Washington Williams* for Honora Earnest.

ELLIOTT, J.—

The bill in this cause has been filed by the Savings Bank of Baltimore seeking to have this Court determine the ownership of a deposit made in said bank, on May 18, 1891, in the name of Honora Kennedy.

The evidence shows that the deposit was made by a woman, who could neither read nor write, by the name of Honora Kenny, whose maiden name was Honora Kennedy, and who having been twice married, was at the time of the deposit, a widow, her successive husbands having been named Kelly and Kenny.

By the first marriage the depositor had two children, John P. Kelly, a son, and Katharine Kelly, a daughter. Katharine Kelly had married Michael Kennedy, and to this couple there was born on June 30, 1888, a daughter,

named after her grandmother, Honora Kennedy.

There had been two other accounts in said bank, one in the name of Anna Kenny, and the other in the names of Honora Kenney, widow, and Katie Kennedy, her daughter, payable to either or the survivor. The former of these accounts had been paid to the administrators of Honora Kenny, and the latter has heretofore been transferred to the names of Katharine Kennedy and husband.

Both of these accounts were current during the period covered by the account in suit, and had shown both deposits and withdrawals.

The account at present involved, while showing different deposits, had never been depleted in any way.

It was also in evidence that at the time when the account was opened, in reply to one of the questions asked of the depositor, "are you married or single" she had answered "widow," and the letter "W" had been put down on the pass book after the name Honora Kennedy.

It was the letter "W" which has given rise to the doubt and uncertainty in this cause, and several questions suggest themselves.

First, When Honora Kenny put the money in bank did she intend to put it in her own name?

Second, When she said that she was a widow, was she intending to describe herself, as the one for whom the deposit was made?

In an attempt to answer the questions propounded several distinct facts may be stated.

First, On April 18, 1891, the date of the deposit, there was *in esse*, a child named Honora Kennedy, who was the granddaughter of the depositor, born June 30, 1888, and then nearly three years old.

Second, "Honora Kennedy" was not the name of the depositor, although it had been her maiden name.

Third, The depositor, then, had two other accounts in the same bank, one in the name of Kenny and the other in the name of Kinney, which two names, especially to an illiterate, might well be taken as "idem sonans."

Fourth, The depositor, Honora Kenny, treated these accounts as her own, while on the other hand, she never drew any money from the account which she had put in the name of "Honora Kennedy."

In other words, though she deemed it necessary from time to time to withdraw money from bank, she never did draw it from this last account.

Fifth, It was not strange that she should create an account in favor of the little granddaughter and namesake.

Sixth, If the account had not had the letter "W" annexed to it, there would have been no apparent ambiguity as to the person intended.

We conclude therefore that from the acts of Honora Kenny she intended to open an account for the benefit of the granddaughter.

There are in evidence, however, certain alleged statements made by Honora Kenny about the time of the deposit, and afterward.

Michael Kennedy, the son-in-law of the depositor, and the father of the child, testified when asked as to the opening of the account, that "She said she was going to deposit some money for Honora Kennedy, my daughter."

Katharine Kennedy, the mother, testified:

"After I moved to Canton my mother opened an account for my daughter, Nora Kennedy, and told me this money was to be given to her when she would be married and two years before her death she gave me this bank book and told me to keep it and when she was going to be married to give it to her; it was her money and once in them two years she came home and said Katie give me the book that belongs to Nora, your daughter, and she went out dressed and when she returned she came to me and gave me the book and told me to keep it until she would get married and then give it to her as it was for her."

"I kept the book until my daughter was to be married, and then I gave her the book and I wasn't able to go to the bank with her and her father went with her and when she went there they refused to give her the money and then I kept the book and Mr. Campbell and Mr. Cosh came to me and told me that Mr. Campbell would like to see the book and I gave Mr. Cosh the book to take to Mr. Campbell, and I asked Mr. Cosh to

give me the book several times, but the book was not returned to me after Mr. Campbell had received it."

I am therefore of the opinion that this is a case of a completed gift of a bank deposit made to a person in being at the time of the gift, she being in such relation to the donor as to make the gift reasonable and appropriate, and that there is neither ambiguity nor uncertainty as to the person intended as the donor.

A decree will therefore be signed awarding the money to Honora Earnest, and directing the Savings Bank of Baltimore to pay it to her.